KUHN, J.
| ¿This appeal involves a dispute regarding the computation of the Louisiana corporation income tax liability of plaintiff-taxpayer, Total Gas & Power North America, Inc. (“Total Gas”) for taxable periods ending December 31, 2001, and December 31, 2002. Defendant, Cynthia Bridges, Secretary of the Department of Revenue of the State of Louisiana (“the Department”) appeals the trial court’s summary judgment in favor of Total Gas that ordered the Department to refund $62,402.44, the amount paid under protest for the tax periods in question, along with judicial interest on that amount. The Department maintains Total Gas, as a taxpayer “whose net apportionable income is derived primarily from the business of manufacturing or merchandising,” was required to “double weight” its sales factor as required by La. R.S. 47:287.95 F(2) when it calculated its Louisiana income tax apportionment percentage (“LAP”).[1] Total Gas claims it was entitled to “single weight” its sales factor because its “income is primarily derived from the production or sale of unrefined oil and gas” and, as such, is not derived from the “business of manufacturing or merchandising” as pro *10 vided by La. R.S. 47:287.95 F(2)(b). For the reasons that follow, we reverse the summary judgment in favor of Total Gas and remand for further proceedings.
I. PROCEDURAL AND FACTUAL BACKGROUND
Total Gas submits that during the tax periods at issue, it was primarily in the business of “marketing” natural gas. In a statement of uncontested facts submitted by Total Gas in support of its motion for summary judgment, Total Gas asserted pthat its marketing activities consisted of purchasing both unprocessed and processed natural gas, reselling the majority of the natural gas it purchased at the point of pui-chase, transporting some of the natural gas for processing, and storing natural gas.
In 2006, the Department issued Total Gas a proposed assessment of additional corporate income tax and interest due for the tax periods in question. On November 29, 2006, the Department sent Total Gas a letter requesting payment of the additional tax plus interest in the total amount of $62,402.44. On December 11, 2006, Total Gas paid that amount under protest pursuant to La. R.S. 47:1576. On January 11, 2006, Total Gas filed suit to recover its payment. After the Department filed an answer, admitting most of the factual allegations of Total Gas’ petition, Total Gas filed a motion for summary judgment.
The trial court granted the motion, and signed a March 11, 2008 judgment, ordering the Department to refund the amount of Total Gas’ payment under protest in the amount of $62,402.44. The judgment also ordered the Department to remit judicial interest on the amount of the refund from December 18, 2006, until such date as the payment is made to Total Gas. The Department has suspensively appealed, asserting the summary judgment was improperly granted.
II. ANALYSIS
Pursuant to the Louisiana Corporation Income Tax Act, La. R.S. 47:287.2 et seq. (“the Act”), each taxable year the Department shall levy and collect a tax upon the Louisiana taxable income of corporations. La. R.S. 47:287.11. “Louisiana taxable income” means “Louisiana net income,” after adjustments as specified in La. R.S. 47:287.69. The net income of a corporation is computed by |4subtracting allowable deductions from gross income for a taxable year. La. R.S. 47:287.75.
The nonexempt gross income of a corporation is segregated into two general classes, designated as allocable income and apportionable income. La. R.S. 47:287.92 A. The Louisiana net income of a corporation is the sum produced by combining the net allocable income and the net apportion-able income. La. R.S. 47:287.91. Allocable income includes only: 1) rents and royalties from immovable or corporeal movable property; 2) royalties or similar revenue from the use of patents, trademarks, copyrights, secret processes, and other similar intangible rights; 3) income from estates, trusts, and partnerships; and 4) income from construction, repair, or other similar services. La. R.S. 47:287.92 B. “Appor-tionable income” includes all items of gross income which are not properly includable in allocable income as defined in La. R.S. 47:287.92. La. R.S. 47:287.92 C.
Pursuant to La. R.S. 47:287.94, the “total net apportionable income” is computed by subtracting from the “gross apportion-able income”: 1) expenses, losses, and “allowable deductions” as defined in La. R.S. 47:287.63 that are directly attributable to *11 gross apportionable income;[2] and 2) a ratable portion of such “allowable deductions” that are not directly attributable to any item or class of gross income. La. R.S. 47:287.94.A. The “net apportionable income,” one of the addends used in determining “net income,” is computed by multiplying the “total net apportionable income” by the LAP, which is determined in accordance |Bwith the provisions of La. R.S. 47:287.95. La. R.S. 47:287.94 B. Thus, apportionable income is sourced to the state based on the taxpayer’s LAP. In this case, the parties dispute the proper method of calculating Total Gas’ LAP.
At the time that Total Gas’ alleged tax liability was incurred, Louisiana Revised Statutes 47:287.95 F(l) provided, as follows:
Manufacturing, merchandising, and other business. Except as provided in this Subsection, the Louisiana apportionment percent of any taxpayer whose net apportionable income is derived primarily from the business of transportation by pipeline or from any business not included in Subsections A through E of this Section shall be the arithmetical average of three ratios, as follows:
(a)The ratio of the value of the immovable and corporeal movable property owned by the taxpayer and located in Louisiana to the value of all immovable and corporeal movable property owned by the taxpayer and used in the production of the net apportionable income.
(b) The ratio of the amount paid by the taxpayer for salaries, wages, and other compensation for personal services rendered in this state to the total amount paid by the taxpayer for salaries, wages, and other compensation for personal services in connection with the production of net apportionable income.
(c) The ratio of net sales made in the regular course of business and other gross apportionable income attributable to this state to the total net sales made in the regular course of business and other gross apportionable income of the taxpayer.
However, in determining the LAP of any taxpayer whose net apportionable income is derived primarily from “the business of manufacturing or merchandising,” the net sales ratio addressed in La. R.S. 47:287.95 F(l)(c) must be “double weighted or counted twice, and the [LAP] shall be the arithmetical | fiaverage of the four ratios.” La. R.S. 47:287.95 F(2).[3]
However, Louisiana Revised Statutes 47:287.95 F(2) also sets forth:
The term “business of manufacturing or merchandising” shall not include:
(b) any taxpayer whose income is primarily derived from the production or *12 sale of unrefined oil and gas.[4] [Footnote added.]
The Department asserts that Total Gas is in the “business of manufacturing or merchandising” and is required to double weight its net sales ratio; the Department disputes the applicability of Subsection (b) to Total Gas. The Department’s calculations in its assessment of Total Gas’ tax liability for the periods at issue were based on a “double weighted” net sales ratio. The amount of tax dollars at issue in this appeal results from the difference in the LAP when the net sales ratio is single weighted versus double weighted, plus the accrued interest on the difference.
Total Gas argues the summary judgment in its favor is correct because the word “unrefined” as used in Subsection (b) modifies only the word “oil” and not the |7word “gas.” Total Gas argues that it is properly classified as a manufacturer or merchandiser (and should not have to double-weight its net sale ratio in calculating its LAP) because Subsection (b) applies to all types of gas, including processed gas.
The Department argues Subsection (b) is clear and unambiguous, and the word “unrefined” modifies both “oil” and “gas.” The Department asserts the legislature obviously intended to exclude producers and sellers of unrefined oil and gas from the “business of manufacturing or merchandising,” but intended to include marketers of refined oil and gas.
When an appellate court reviews a trial court judgment on a motion for summary judgment, it applies the de novo standard of review, “using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.” Gray v. American Nat. Property & Cas. Co., 07-1670 (La.2/26/08), 977 So.2d 839, 844; see La. C.C.P. art. 966 B.
In reviewing the trial court’s judgment, we must apply the burden of proof imposed upon a movant in a motion for summary judgment, which is set forth in La. C.C.P. art. 966(C)(2):
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his |sevidentiary burden of proof at trial, there is no genuine issue of material fact.
Where a statute is clear and unambiguous, and its application does not lead to absurd results, the law shall be applied as written and no further interpretation may be made in search of legislative intent. La. C.C. art. 9. When the wording of a statutory provision is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. La. R.S. 1:4.
Without reaching the issue raised by the Department on appeal, we determine that the summary judgment in favor of Total Gas should be reversed because it *13 has not established that its income is primarily derived from the production or sale of both oil and gas. Subsection (b) refers to “income derived from the production or sale of unrefined oil and gas.” (Emphasis added.) The statute does not use the disjunctive “or” but rather uses the conjunctive “and.” The clear wording of the statute cannot be disregarded. It is reasonable and practical that the legislature would have intended a different LAP calculation for businesses engaged in the production or sale of both oil and gas.
Thus, to establish it was entitled to single weight its net sales ratio, Total Gas, as movant, had the burden of establishing that its income was primarily derived from either the production or sale of both oil and gas. While the parties apparently do not dispute that Total Gas purchased, sold, transported, stored, and processed natural gas, the record contains no evidence establishing that Total Gas earned any income from the production or sale of oil. Because Total Gas has not established it is entitled to single weight its net sales ratio in computing its LAP, it |ahas not established that it is entitled to a refund of the taxes paid under protest. Thus, Total Gas has not established it is entitled to judgment as a matter of law.
CONCLUSION
For the above reasons, we reverse the trial court’s judgment in favor of Total Gas and remand for further proceedings consistent with this opinion. Appeal costs are assessed against Total Gas.
REVERSED AND REMANDED.
GAIDRY, J., concurs.

. In this opinion, we reference the provisions of Louisiana Revised Statutes 47:287.95 F before it was amended and reenacted by Acts 2005, No. 401.

. Louisiana Revised Statutes 47:287.63 defines "allowable deductions” as "the deductions from federal gross income allowed by federal law in the computation of taxable income of a corporation for the same taxable year," subject to modifications specified in the Act.

. Louisiana Revised Statutes 47:287.95 F(2) provides, in pertinent part:
For the purpose of this Subsection, the [LAP] of any taxpayer whose net apportion-able income is derived primarily from the business of manufacturing or merchandising shall be computed by means of the ratios provided in Subparagraphs (l)(a) through (l)(c) of this Subsection, except that the ratio of net sales as1 provided in Subparagraph (c) shall be double-weighted or counted twice, and the [LAP] shall be the arithmetical average of the four ratios. The term "business of manufacturing or merchandising” shall only include a taxpayer whose net apportionable income is derived primarily from the manufacture, production, or sale of tangible personal property....

. Following the amendments of Acts 2005, No. 401, the language of former Subsection b is now found in La. R.S. 47:287.95 F(2)(c)(ii).